UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MARCUS DIXON,
   Plaintiff,

vs.                                                          No. 04-4018

LEO HOOGERWERF, et al.,
   Defendants.

## CASE MANAGEMENT ORDER

      This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A. A merit review hearing was held on April 19, 2004 and the plaintiff participated by video conferencing. Unfortunately, the merit review order was not entered at that time.

      The plaintiff, Marcus Dixon, filed his complaint pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated during a search of his apartment prior to his arrest in Moline, Illinois. The plaintiff has named four defendants including Rock Island Police Chief Terry Dove; Detectives David Sullivan and Leo Hoogerwer and the Moline Police Department.

      The plaintiff does not state what constitutional rights he believes the defendants violated and his complaint includes statements of fact that do not pertain to the named defendants. However, the main basis of the plaintiff's complaint is an April 20, 2002 search of his apartment and his subsequent arrest.

      The plaintiff alleges that members of the Moline Police Department were given a "tainted" search warrant that they executed on April 20, 2002. The plaintiff says officers knocked on the plaintiff's apartment door at approximately 7:00 a.m. and "tried to get my child's mother Heather Poston to open my door." (Comp., p. 4). When the plaintiff and Ms. Poston refused to comply, the officers left and returned with Detective Sullivan who slid a copy of the search warrant under the apartment door. When the plaintiff and Ms. Poston still refused to cooperate, the police evacuated the apartment building and turned off electricity to the building.

      The plaintiff still would not open the door, so the police "busted out my apartment window shattering glass on my two month old child, Heather Poston and myself." (Comp, p 4). Detective Sullivan and other police officers then "bust down my front apartment door." (Comp,

p. 5). The plaintiff does not claim that anyone was injured. The police then took the plaintiff's child and threatened to give the child to the Illinois Department of Children and Family Services. The plaintiff says Detective Sullivan also took several legal papers and other personal property. During the merit review hearing, the plaintiff stated that this included legal papers, books, pictures and a camera.

The only warrant the plaintiff makes reference to in his complaint is a "search warrant." (Comp., p. 4) However, it is apparent from the charges that were subsequently filed against the plaintiff and Ms. Poston that the officers also intended to arrest the plaintiff and most likely had an arrest warrant. Heather Poston was charged with Concealing a Fugitive, Child Endangerment and Obstruction of Justice. Ms. Poston plead guilty to Concealing a Fugitive in return for dismissal of the other charges. (Comp, p. 5-6) The plaintiff was found guilty of two Class X felonies including Aggravated Battery with a Firearm. The plaintiff's complaint also makes reference to a previous criminal charge against the plaintiff for Possession of a Controlled Substance. (Comp., p. 6)

The plaintiff's complaint details several claims involving Ms. Poston. However, the plaintiff cannot sue on Ms. Poston's behalf. He also complains about his counsel and how the trial was conducted, but these do not appear to be intended claims as he has not named any of these individuals as defendants.

The plaintiff says he is suing all the defendants in their individual capacities for compensatory and punitive damages. He also would like all his property taken during the search of his apartment returned. The only clear claim identified by the plaintiff in his complaint is for "illegal search and seizure of privacy." (Comp., p. 4) The plaintiff has failed to state a claim upon which relief can be granted.

The plaintiff's major complaint appears to be the methods used by the police officers in executing the search warrant. For instance, the plaintiff alleges that an Assistant States Attorney, not a defendant in this case, obtained a "tainted" search warrant. The plaintiff does not state how the warrant was "tainted," but more importantly he does not allege that any of the named defendants were involved in obtaining the warrant, nor does he allege that any of the defendants had knowledge that there was a problem with the warrant on its face. In addition, the plaintiff does not allege that the defendants took items from his apartment that were beyond the scope of the search warrant. In fact, the plaintiff makes no mention of the specific contents of the search warrant. The focus of the plaintiff's allegations involve the way the search warrant was executed,

The manner in which a warrant is executed can raise Fourth Amendment concerns. Officers "may take reasonable action to secure the premises and to ensure their own safety and the efficacy of the search." *Los Angeles County v. Rettele*, 2007 WL 1461071 (2007). The Supreme Court has recognized that "officers executing search warrants on occasion must damage property in order to perform their duty." *Dahlia v United States,* 441 U.S. 238, 258

(1979).  The court must apply a reasonableness test when determining whether such property damage constitutes a violation of the Fourth Amendment based on a totality of the circumstances.  *Id.*

The facts alleged in the plaintiff's complaint demonstrate that the officer's conduct was reasonable under the circumstances.  The plaintiff admits the officers had a search warrant and that he was wanted for two Class X Felonies.   The plaintiff also admits the officers identified themselves and said they had a search warrant.  When the plaintiff and Ms. Poston refused to open the door, the officers provided them with a copy of the warrant by sliding it under the door.  The officers then evacuated the building and turned off the electricity.  The plaintiff still refused to comply.

By the plaintiff's own account, the defendants first arrived at his apartment at about 7:00 in the morning.  They made several attempts to convince the plaintiff to open the door, but every attempt failed.  The officers did not break into the apartment until eleven hours later at about 6:00 in the evening.  The plaintiff has failed to state a claim upon which relief can be granted.

Although the plaintiff makes no reference to excessive force, the court also finds the plaintiff has failed to state a violation of his Fourteenth Amendment rights.   Again, the plaintiff was wanted for a serious crime and refused to comply with police after they had identified themselves and even provided a copy of a warrant.  In addition, the plaintiff does not allege that he was injured.

The plaintiff has failed to state a claim against the Moline Police Department.  A local governmental unit can be held liable under §1983 only if there is a direct causal link between a governmental policy or custom and a constitutional deprivation. *Monell v. New York City Department of Social Services*, 436 US 658, 694(1978).  The plaintiff has failed to make such an allegation.

The court also notes that the plaintiff has not clearly stated any claims against Defendants Leo Hoogerwerf or Terry Dove.  "(A) defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established in order for liability to arise under 42 U.S.C. §1983." *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981).  The doctrine of *respondeat superior* (supervisor liability) does not apply.  *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). "(A) supervising prison official cannot incur §1983 liability unless that officer is shown to be personally responsible for a deprivation of a constitutional right." *Vance v Peters,* 97 F.3d 987, 992 (7th Cir. 1996).

The only mention of Defendant Hoogerwerf in the complaint is that he was given the search warrant by an Assistant States Attorney.  The plaintiff does not allege that this defendant help obtain the warrant or executed the warrant.  In addition, there is no mention of Defendant Dove in the complaint beyond his position as the Chief of Police.

The court must dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED that:**

**1) The case is dismissed in its entirety pursuant to 28 U.S.C. §1915A for failure to state a claim. The case is terminated without prejudice.**

**2) The dismissal counts as a strike against the plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g). The clerk is directed to record the strike against the plaintiff.**

**3) The plaintiff must still pay the full docketing fee of $150.00 even though his case has been dismissed. The agency having custody of the Plaintiff is directed to remit the docketing fee of $150.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $150.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $150.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $150.00.**

**4) The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

**5) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Entered this 2nd day of August, 2007.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE